IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHONGQING SEAWAY MECHANICAL ) <br> & ELECTRONIC EQUIPMENT CO., LTD.) <br> Shuixing Science Building B-8 ) <br> No.5 Huangshan St. Yubei District ) <br> Chongqing, P.R.China 401121 ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HEALTHCARE INFORMATION, LLC ) <br> 113 Commerce Blvd ) <br> Loveland, OH 45140 ) <br> ) <br> Serve also registered agent ) <br> ) <br> Taft Service Solution Corp. ) <br> 425 Walnut St, Suite 1800 ) <br> Cincinnati, OH 45202 ) <br> ) <br> AND ) <br> ) <br> JOHN PRATT ) <br> 113 Commerce Blvd ) <br> Loveland, OH 45140 ) <br> ) <br> ) <br> Defendants. ) <br> ) | CASE NO.: 1:13-CV-494 <br><br><br><br><br><br> JUDGE: <br><br><br><br> **COMPLAINT** <br><br><br><br><br><br><br><br><br><br><br><br><br><br> JURY TRIAL DEMAND |

Plaintiff Chongqing Seaway Mechanical & Electronic Equipment Co., Ltd., by and through undersigned counsel, and for a Complaint against Defendants HealthCare Information, LLC, and John Pratt avers the following:

**Preliminary Statement**

1

1. Plaintiff Chongqing Seaway Mechanical & Electronic Equipment Co., Ltd. ("Seaway") of China entered into a series of contracts with Defendant HealthCare Information, LLC ("HCI") and its principal member and officer John Pratt ("Defendant member," together "Defendants") through various purchase orders for the purchase and shipping of various health care equipment and parts produced by Plaintiff. Defendants made numerous purchases from Plaintiff in 2010, including four purchase orders in which Defendants failed to pay for the whole contract price. After Plaintiff fulfilled its duty and shipped the equipment to HCI, Defendants materially breached the contract by failing to tender the payments required by the contracts. Further, Defendants intentionally made false statements to delay and avoid their payment duties. As a direct and foreseeable result of Defendants failure to meet the terms of the purchase orders and their fraudulent statements and conducts, Plaintiff suffered contractual damages of at least $87,366.11, not including consequential damages, punitive damages and the costs of this action.

**Jurisdiction and Venue**

2. This is an action for breach of contract for the sale of goods under the laws of State of Ohio and for fraudulent conduct intended to injure Plaintiff.

3. Because this action is between citizens of different countries, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), which provides for jurisdiction over civil actions in which the parties are of diverse citizenship. The Plaintiff is a corporation organized under the laws of the People's Republic of China. Defendant HCI is a limited liability company organized under the laws of the State of Ohio with its principal place of business in Loveland, Ohio. Upon information and belief, Defendant Member is resident of the State of Ohio. The amount in controversy exceeds $75,000, as specified by 28 U.S.C. § 1332(a)(1).

4. This Court has personal jurisdiction over Defendant HCI in that it maintains its principal place of business and regularly conducts business in Clermont County, Ohio.

5. This Court also has personal jurisdiction over Defendants John Pratt, in that he is an Ohio resident and the conduct, activities, and events, which give rise to Plaintiff's claims occurred, in whole or in part, in Ohio.

6. Venue is proper in this Court as some or all of the conduct, activities, and events, which give rise to Plaintiff's claims occurred, in whole or in part, in Clermont County. Defendant HCI is located in Loveland, OH. Defendant member is, upon information and belief, residents of Clermont County or nearby counties in Ohio.

## The Parties

7. Plaintiff Seaway is a corporation organized under the laws of the People's Republic of China, with its principal place of business at City of Chongqing, China. Seaway supplied high-quality healthcare equipment, machinery and parts to Defendant HCI.

8. Upon information and belief, Defendant HCI, is a limited liability company organized under the laws of the State of Ohio with its principal place of business at 113 Commerce Blvd, Loveland, OH 45140.

9. Upon information and belief, Defendant HCI is an importer and distributor of health care and hospital equipment. Defendants contracted with Plaintiff Seaway for the manufacture of various parts and equipment used in its products.

10. Upon information and belief, Defendant John Pratt was the CFO and is the President and a member of Defendant HCI.

## Statement of the Case

11. Plaintiff and Defendant HCI commenced a business relationship around the end of 2008.

Defendants would send purchase order ("PO") to Plaintiff. Plaintiff would produce equipment and parts on the PO. Defendants would then arrange the shipping and pay to Plaintiff upon receiving the equipment.

12. Defendants, through this method, made numerous purchases from Plaintiff. Plaintiff timely produced, inspected, and shipped equipment and parts in accordance with each of the Purchase Orders.

13. Defendant HCI agreed to make prompt payments in accordance with the terms of the Purchase Orders.

14. Thereafter, Defendant HCI failed to pay Plaintiff full contract price for the four orders and shipments in 2010. Under the agreement of the parties and course of dealing, Defendants were responsible for paying for the equipment immediately after the shipment is received by Defendants. However, to date, Defendants haves failed and refused to tender the required payments to the Plaintiff for the following purchase orders: P1169, P1297, P1354, and P1359. A summary of the accounts is attached hereto as Exhibit A.

15. Pursuant to the Purchase Orders, the agreement of the parties, and course of dealing, Plaintiff promptly produced and shipped all equipment ordered by Defendants. Plaintiff adhered to all requirements of the Purchase Orders.

16. Plaintiff had sought confirmation from Defendants that it would pay the remaining balance owed to Plaintiff. Plaintiff sent many emails to Defendant HCI and Defendant John Pratt, in an effort to receive Payment.

17. Defendants John Pratt repeatedly made false representations that Defendants would pay, yet consistently refused to make payment.

18. In approximately March 2011, Defendants informed Plaintiff that they would pay $25,000

4

every two weeks, to pay off their delinquent account. Defendants failed to make these payments.

19. Defendants ignored Plaintiff's repeated phone calls and emails, in an effort to avoid paying off the balance.

20. On September 22, 2011, Defendant John Pratt told Plaintiff, by and through Plaintiff's agent, Andrew Li, that he no longer worked at HCI and/or was responsible for this matter. This was a clear falsehood, as Defendant John Pratt has served as CFO for HCI since 2006, and became President of HCI in March 2013. See Exhibit B.

21. Defendants have not disputed the amount owed on the delinquent accounts, and repeatedly promised to pay their balance.

22. Defendants then engaged in fabricating stories in order to postpone the payments on the Purchase Orders.

23. Defendants purposefully made numerous fraudulent representations to avoid their contractual duty, namely making payments for the equipment Defendants ordered and received.

24. On May 28, 2013 Plaintiff, by and through its counsel, sent a Letter of Demand to Defendants demanding the delinquent payments. Defendants replied by only offering to pay half of their existing balance, and claiming that Plaintiff owed them tooling cost, despite making no claims to this effect at all in earlier communication.

**First Cause of Action (Breach of Contract)**

25. Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 25 of its Complaint herewith as if fully rewritten.

26. Plaintiff entered into valid and legally binding contracts ("Contracts") with Defendants for the sale of the equipment listed in the Purchase Orders.

27. Plaintiff performed all terms of the Contracts, by manufacturing, inspecting, and shipping the equipment to Defendants, in full compliance with the terms of the Purchase Orders.

28. Defendants breached the Contracts by failing and refusing to pay equipment produced and shipped by Plaintiff.

29. Plaintiff contacted Defendants on numerous occasions requesting payment, and Defendants acknowledged the accuracy of Plaintiff's account, yet nonetheless failed to tender payment.

30. Defendants were notified in writing and in fact knew that the failure to pay Plaintiff would cause foreseeable damages to Plaintiff as well as certain consequential damages, such as additional damages from currency exchange, interest, damages on Plaintiff's contractual relationship with Plaintiff's own suppliers and labors, and other damages.

31. Plaintiff suffered damages from Defendants' failure to make payment, additional damage arising from currency exchange, interest, and damages on Plaintiff's contractual relationship with Plaintiff's own suppliers and labors, which Plaintiff was unable to tender payment to, due to Defendants' failure to perform the terms of the Contracts.

32. As a result of Defendants' breach, Plaintiff has suffered substantial damages.

33. As a result of Defendants' breach, Plaintiff has been directly damaged in an amount of $87,366.11.  Plaintiff is also entitled to all consequential damages as a result of Defendants' breach, in an amount to be determined at trial.

## Second Cause of Action: Unjust Enrichment

34. Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 34 of its Complaint herewith as if fully rewritten.

35. Plaintiff promptly manufactured and shipped the equipment ordered by Defendants, in full compliance with the Purchase Orders.

36. Defendants failed and refused to make payments for equipment they received under the Purchase Orders.

37. Defendants knowingly accepted the equipment shipped by Plaintiff, despite their intention not to pay the amount due under the Purchase Orders.

38. Defendants have been unjustly enriched at the expense of Plaintiff by retaining the equipment without making payments, and benefitting from ownership of the equipment.

39. Defendants retained the equipment and made no attempt to return them to Plaintiff, or to make appropriate payment.

40. As a result of Defendants' actions, Plaintiff suffered damages when it was unable to recoup the cost and profit of the equipment and suffered consequential damages.

41. The exact amount of Defendants' enrichment at Plaintiff's expense will be proven at trial.

### Third Cause of Action: Fraud

42. Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 42 of their Complaint herewith as if fully rewritten.

43. Defendant HCI, through Defendant John Pratt, fraudulently induced Plaintiff to enter into each Purchase Order agreement by falsely representing to Plaintiff that it would pay Plaintiff for every purchase order, and concealed the fact that Defendants had no intention to pay for the equipment which Defendants ordered in 2010.

44. Defendants' representations in this regard were material and induced Plaintiff into a series of transactions with Defendants, wherein they produced and shipped equipment ordered by Defendants, yet Defendants failed to make payment.

45. On September 22, 2011, Defendant John Pratt informed Plaintiff in a phone conversation that he no longer worked at HCI and would no longer be able to handle Plaintiff's concerns,

including Plaintiff's numerous and ongoing attempts to receive payment. See <u>Exhibit C</u>. This was a clear falsehood, as Defendant John Pratt has served as CFO for HCI since 2006, and became President of HCI in March 2013. Defendant John Pratt knowingly and falsely represented to Plaintiff that he was no longer part of HCI and/or was no longer responsible for this matter, in an effort to deceive Plaintiff into believing that it could no longer have any hope of payment from him, and to further delay or deter Plaintiff from seeking compensation from Defendant HCI.

46. Defendants' representations were knowingly false, or made with an utter disregard or recklessness as to the truth of those representations.

47. It is abundantly clear that Defendants had no intention of fulfilling their promise to pay Plaintiff for equipment that Defendants received. Defendants' intention was to mislead Plaintiff, and to induce Plaintiff to produce and ship equipment to Defendants without paying Plaintiff for equipment they ordered and received.

48. The actions of Defendants in refusing to make the payments promised to Plaintiff were extreme, malicious, without justification, and were done with actual malice and fraud.

49. Defendants knew that Defendant HCI would not or could not make payments, yet intentionally led Plaintiff on in the mistaken belief that they would tender payment in near future. This was done so that Defendants could continue to order from Plaintiff, and continue their exploitation of Plaintiff's material, labor, and goodwill.

50. Plaintiff justifiably relied on Defendants' false representations, and produced and shipped equipment to Defendants.

51. As a result of Defendants' fraudulent representations and conducts, Plaintiff suffered significant damages in an amount to be proven at the trial of this matter.

**Fourth Cause of Action: Action on Account**

52. Plaintiff incorporates by reference Paragraphs 1 through 52 of this Complaint as if fully rewritten herein.

53. <u>Exhibits A</u> to the Complaint, which are incorporated herein by reference, are true and accurate statement of the account between Plaintiff and Defendants for the sale of equipment ordered and shipped under the Agreement.

54. Plaintiff sent Defendants these summaries and invoices for all of the Purchase Orders. Defendants have never objected to the truth or accuracy of these summaries and invoices.

55. As of July 8, 2013, Defendants owe Plaintiff the balance of the account ($69,983.19), together with interest up to date in an amount of $13,996.64 and exchange rate loss in an amount of $3,386.28, for a total amount of $87,366.11.

**Fifth Cause of Action: Pierce the Corporate Veil**

**against Defendant John Pratt**

56. Plaintiff incorporates by reference Paragraphs 1 through 56 of this Complaint as if fully rewritten herein.

57. The corporate form may be disregarded and shareholders, officers, and directors held liable for corporate misdeeds when control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own and injury or unjust loss results from such control.

58. The corporate form may also be disregarded and shareholders, officers, and directors held liable for corporate misdeeds when control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity and injury or unjust loss results from such wrong.

59. Defendants John Pratt was CFO and is the President of HCI. He is also an owner of HCI. He exercised complete dominion and control over Defendant HCI such that Defendant HCI had no separate mind, will, or existence of its own.

60. Defendant John Pratt exercised his control over Defendant HCI in such a manner as to commit fraud against Plaintiff by making false representations and failing and refusing to pay Plaintiff in accordance with the terms of the Purchase Orders for the equipment that Plaintiff provided.

61. Defendant John Pratt intentionally lied to Plaintiff about his position in Defendant HCI.

62. Upon information and belief, Defendant HCI was grossly under-capitalized and Defendant John Pratt held himself out as personally liable for certain corporate liabilities.

63. Upon information and belief, Defendant HCI failed to keep necessary and appropriate records to preserve the corporate veil of protection.

64. In an email on July 7, 2011, after months had passed after Defendants received Plaintiff's shipment, John Pratt claimed that he did not have the money to pay Plaintiff and would send the money as soon as he could. Because Defendant Company acted as a dealer and placed purchase orders to Plaintiff only when Defendant Company had made a sale of that particular equipment, Defendants should have the fund to pay Plaintiff. The only logical conclusions are that (a) Defendant Company HCI was insolvent when the debt was incurred and diverted the funds to pay other liabilities and/or (b) Defendant John Pratt diverted the sales money for his own personal purposes.

65. Plaintiff has been injured by Defendant John Pratt's control over Defendant Company and his use of that company to defraud Plaintiff Seaway.

66. As a result of his conducts, the corporate veil of Defendant Company must be disregarded and Defendant John Pratt be held personally liable to Plaintiff for the damages outlined above against Defendant HCL in Counts One through Six.

## Prayer for Relief

Wherefore, Plaintiff Seaway prays for judgment against Defendants as follows:

a)  For Count One, Two and Four of the Complaint, against Defendant HCI in an amount of $87,366.11 for contractual damage;

b)  For Count Three of the Complaint, against Defendant HCI a punitive damage in an amount of $87,366.11;

c)  For Count Five of the Complaint, for an Order piercing the corporate veil of HCI and finding Defendant John Pratt personally liable for the damages outlined above against Defendant HCI in Counts One through Five.

## Jury Trial Demand

Plaintiff demands a trial by jury on any and all claims for which adjudication by jury may be appropriate.

Respectfully submitted,

/s/ Lei Jiang_____
Lei Jiang (0084847)
Lei Jiang LLC
26943 Westwood Rd.,
Westlake, OH   44145
(440)835-2271
ljiang@leijianglaw.com
Attorney for Plaintiff